# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-15-00455-CV

Scott P. Ogle, Appellant

v.

Maeli Hector, a/k/a Maeli Arellano, a/k/a Maeli Johnson, Appellee

FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
NO. C-1-CV-14-011792, HONORABLE TODD T. WONG, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Scott P. Ogle filed his original petition in December 2014, naming appellee Maeli Hector as the sole defendant. In his third amended petition, filed in May 2015, he added Dicky Grigg and Stephen Reid Minot "as Defendants to take their depositions to investigate potential claims or suits associated with this lawsuit." He made several allegations against Grigg and Minot, such as accusing Minot of misdiagnosing him with a mental disorder and accusing Grigg of mischaracterizing Ogle's behavior and threatening to cause him trouble with the State Bar of Texas.[1] In his prayer, Ogle asked for "judgment against Defendants for actual damages," interest, and court costs. He arranged to have Grigg and Minot served with citation, and both Grigg and Minot filed answers to the lawsuit.

---

[1] Ogle is a licensed attorney representing himself in this appeal and the underlying matter.

When the trial court signed orders granting Hector's motions for summary judgment,[2] Ogle filed a notice of appeal. In our review of the clerk's record, we realized that the orders granting summary judgment in favor of Hector were interlocutory because Grigg and Minot had not been dismissed from the suit by Ogle or by way of an order from the trial court. We sent Ogle a letter inquiring into whether we could exercise jurisdiction, specifically noting that his claims against Grigg and Minot appeared to still be live in the trial court. Ogle responded with a "Provisional Motion to Abate and Remand," stating that he had learned that we received a supplemental clerk's record containing an order granting Grigg's motion to quash his deposition[3] and that he had received a notice that the cause would be set for submission shortly. He concluded that if we were "still concerned with the jurisdictional issue," we should abate the cause to the trial court "for resolution of any outstanding issues." He did not address our concerns or attempt to explain the status of the underlying suit or how we could possibly exercise jurisdiction over the appeal.

While it might be that he simply meant to apply rule 202 for purposes of deposing Grigg and Minot,[4] the fact remains that Ogle, a licensed attorney, added Grigg and Minot as

---

[2] Ogle originally only asserted a claim for breach of contract against Hector, but after she filed her motion for summary judgment, he filed his third amended petition, adding a claim for promissory estoppel. Hector then filed a motion for summary judgment addressing that claim. The trial court held separate hearings on the two motion for summary judgment and signed separate orders granting summary judgment for Hector on Ogle's claims breach of contract and promissory estoppel.

[3] The trial court signed an order granting Grigg's motion to quash his deposition and granting Grigg attorney's fees, but that order did not remove Grigg as a defendant in the suit.

[4] Rule 202 addresses the process for asking a trial court to allow the taking of a deposition to perpetuate or obtain testimony for use in an anticipated lawsuit or to investigate a potential claim or suit. *See* Tex. R. Civ. P. 202.1; *see also* Tex. R. Civ. P. 202.2-.5.

defendants in his lawsuit when he filed his third amended petition. Grigg and Minot were both served and both filed answers. The trial court's orders related to Hector did not address Grigg or Minot at all (and indeed, their style headings did not list Grigg or Minot as defendants). An order that does not dispose of all claims against all defendants is interlocutory and generally cannot be appealed. *See Wiley v. Hocutt, Inc.*, No. 03-15-00619-CV, 2015 WL 6655840, at *1 (Tex. App.—Austin Oct. 30, 2015, no pet.) (mem. op.). Rather than abate this appeal, we dismiss for want of jurisdiction. *See* Tex. R. App. P. 42.3(a); *Wiley*, 2015 WL 6655840, at *1.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland
 Dissenting Opinion by Justice Pemberton

Dismissed for Want of Jurisdiction

Filed: July 14, 2016

3